**STATE OF WEST VIRGINIA**

**SUPREME COURT OF APPEALS**

**HENRY SCHRADER,**
**Claimant Below, Petitioner**

**vs.)    No. 20-0139** (BOR Appeal No. 2054661)
                    (Claim No. 2016029186)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER,**
**Commissioner Below, Respondent**

**and**

**JIM C. HAMER COMPANY,**
**Employer Below, Respondent**

**MEMORANDUM DECISION**

Petitioner Henry Schrader, by Counsel Reginald D. Henry, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). West Virginia Office of the Insurance Commissioner, by Counsel Karen L. Weingart, filed a timely response.

The issue on appeal is permanent partial disability. The claims administrator granted no permanent partial disability award for occupational pneumoconiosis on March 7, 2017. The Workers' Compensation Office of Judges ("Office of Judges") affirmed the decision in its September 26, 2019, Order. The Order was affirmed by the Board of Review on January 23, 2020.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

The standard of review applicable to this Court's consideration of workers' compensation appeals has been set out under W.Va. Code § 23-5-15, in relevant part, as follows:

1

(b) In reviewing a decision of the board of review, the supreme court of appeals shall consider the record provided by the board and give deference to the board's findings, reasoning and conclusions[.]

. . . . (c) If the decision of the board represents an affirmation of a prior ruling by both the commission and the office of judges that was entered on the same issue in the same claim, the decision of the board may be reversed or modified by the Supreme Court of Appeals only if the decision is in clear violation of Constitutional or statutory provision, is clearly the result of erroneous conclusions of law, or is based upon the board's material misstatement or mischaracterization of particular components of the evidentiary record. The court may not conduct a de novo re-weighing of the evidentiary record. . . .

*See Hammons v. West Virginia Office of Ins. Comm'r*, 235 W.Va. 577, 775 S.E.2d 458, 463-64 (2015). As we previously recognized in *Justice v. West Virginia Office Insurance Commission*, 230 W.Va. 80, 83, 736 S.E.2d 80, 83 (2012), we apply a *de novo* standard of review to questions of law arising in the context of decisions issued by the Board. *See also Davies v. West Virginia Office of Ins. Comm'r*, 227 W.Va. 330, 334, 708 S.E.2d 524, 528 (2011). With these standards in mind, we proceed to determine whether the Board of Review committed error in affirming the decision of the Office of Judges.

Mr. Schrader was a chipper for twelve and a half years during which time he was exposed to hazardous dust. The Employees' and Physicians' Report of Occupational Pneumoconiosis was completed on May 17, 2016, and indicates Mr. Schrader was exposed to saw dust while working in a sawmill for twelve and a half years. The May 18, 2016, Physicians' Report of Occupational Pneumoconiosis was completed by New River Breathing Center. It was noted that Mr. Schrader's lungs were clear. It was noted that Mr. Schrader had probable occupational pneumoconiosis, but it was unknown how long he may have been suffering from the condition. On September 20, 2016, the claims administrator held the claim compensable on a non-medical basis subject to the presumption that any chronic respiratory disability Mr. Schrader may have was a result of occupational exposure.

The Occupational Pneumoconiosis Board concluded on January 24, 2017, that a diagnosis of occupational pneumoconiosis could not be made in this case. It was noted that Mr. Schrader was diagnosed with chronic obstructive pulmonary disease in 2016. On examination, he had no respiratory distress at rest. There was moderate wheezing in both lung fields. A chest x-ray showed dextroscoliosis but there was insufficient evidence of pleural or parenchymal abnormalities to establish a diagnosis of occupational pneumoconiosis. The claims administrator denied an award for occupational pneumoconiosis on March 7, 2017.

In an October 18, 2017, hearing before the Office of Judges, the Occupational Pneumoconiosis Board stated that it reviewed the January 24, 2017, x-rays and found no evidence of occupational pneumoconiosis. Though Mr. Schrader was diagnosed with occupational pneumoconiosis in 2016, it was not apparent on the x-ray. Johnsey Leef, M.D., testified on behalf of the Board that the x-ray was a one view study and while occupational pneumoconiosis could

not be diagnosed from the single film, it could not be ruled out. Jack Kinder, M.D., also of the Board, agreed with Dr. Leef. Dr. Kinder opined that the presumption of occupational pneumoconiosis had been rebutted. He found numerous reports of chronic obstructive pulmonary disease, bronchospasm, and bronchitis in Mr. Schrader's treatment records from New River Health Center. Mr. Schrader also had a history of smoking one pack per day for ten years. Dr. Kinder found that Mr. Schrader had marked bronchospasms on examination but noted that he had not had occupational exposure since 2004. Dr. Kinder believed the medical records show that Mr. Schrader has chronic obstructive pulmonary disease, which rebuts the assumption of occupational pneumoconiosis. Dr. Kinder stated that there is a possibility that Mr. Schrader has occupational asthma due to wood dust exposure but there was not enough evidence in the claim to render an opinion on that diagnosis. Bradley Henry, M.D., also of the Occupational Pneumoconiosis Board, concurred.

The Office of Judges affirmed the claims administrator's decision denying Mr. Schrader an award for occupational pneumoconiosis on September 26, 2019. The Office of Judges concluded that based on a preponderance of the evidence of record, the decision of the Occupational Pneumoconiosis Board was not clearly wrong. Mr. Schrader has well-documented, significant chronic obstructive pulmonary disease and has not been exposed to occupational dust hazards since 2004. The Occupational Pneumoconiosis Board saw no x-ray evidence of occupational pneumoconiosis, and the statutory presumption was rebutted. The Office of Judges therefore affirmed the claims administrator's decision. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on January 23, 2020.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. West Virginia Code § 23-4-6a, provides that the Office of Judges "shall affirm the decision of the Occupational Pneumoconiosis Board made following [the] hearing unless the decision is clearly wrong in view of the reliable, probative and substantial evidence on the whole record." Mr. Schrader has failed to present sufficient evidence to show that the Office of Judges, and by extension the Board of Review, erred in affirming the claims administrator's denial of an award for occupational pneumoconiosis.

Affirmed

**ISSUED:** April 23, 2021

**CONCURRED IN BY:**

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton